UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elayne Ford, *Plaintiff,* – against – Hotelera Playa Paraiso, S.S. de C.V., *et al.*, *Defendants.* | 1:17-CV-7384 (ARR) (RML) **Not for Publication** **Opinion & Order** |

ROSS, United States District Judge:

The plaintiff in this case alleges that she was injured, in Mexico, through the fault of the defendants. Over the course of about a year, the defendants removed the case to this court, answered the complaint, and engaged in discovery with the plaintiff, before seeking to move to dismiss the complaint for lack of personal jurisdiction. Before reaching the merits of that question, I asked the parties to brief the threshold question whether the defendants had forfeited their defense of lack of personal jurisdiction through their conduct in this litigation. As explained below, I find that they have.

## BACKGROUND

On November 16, 2017, the plaintiff filed this lawsuit in New York Supreme Court, Kings County, alleging that, on September 10, 2016, she had "sustain[ed] severe and permanent injuries" through the "negligence and breach of duty of the Defendants." Pet. for Removal Ex. A, at 5, ECF No. 1. Although the complaint contains few details, it alleges that she suffered these injuries on the defendants' premises in Playa del Carmen, Mexico. *See id.* at 4–5. The complaint also alleges that defendant Hotelera Playa Paraiso, S.A. de C.V.,[1] has its

---

[1] The complaint apparently inadvertently misspells this defendant's corporate designation as "S.S. de C.V.," as is reflected in the caption. *See* Defs.' Letter 1, ECF No. 9.

1

principal place of business in Playa del Carmen but is "organized and existing under and by virtue of the laws of the State of Florida" and that defendant "Iberostar Hotels & Resorts" has its principal place of business in Coral Gables, Florida. *Id.* at 3–4.

On December 19, 2017, the defendants removed the case to this court on the basis of diversity jurisdiction, asserting that whereas the plaintiff is a citizen of New York, "Defendant IBEROSTAR is not incorporated by or in New York State, nor does it have its principal place of business in New York State." Pet. for Removal ¶¶ 5–7.[2] Two days later, the defendants answered the complaint, denying nearly all the allegations, including the allegations regarding the defendants' citizenship, "except admit[ting] Iberostar was a foreign corporation." Answer ¶ 3, ECF No. 2. And the answer set forth as an affirmative defense that "[t]his Court lacks personal jurisdiction over Defendants." *Id.* at 3.

The plaintiff made her initial disclosures on January 12, 2018, and on March 14, 2018, the parties met for an initial conference with the Honorable Robert M. Levy, United States Magistrate Judge. *See* Pl.'s Br. 1, ECF No. 12; Min. Entry, Mar. 14, 2018. The question of personal jurisdiction was not raised. *See* Pl.'s Br. 2.

The plaintiff was deposed on September 12, 2018, and on September 17, 2018, the parties participated in a status conference with Judge Levy. *See* Defs.' Br. 2; Min. Entry, Sept. 17, 2018. Again, the question of personal jurisdiction was not raised. *See* Pl.'s Br. 2. At no time did the plaintiff conduct discovery relating to personal jurisdiction over the defendants. *See id.*

On October 9, 2018, the defendants made a discovery demand on the plaintiff for "the name of the travel agency plaintiff's trip to Mexico was booked through." Defs.' Br. 2. The

---

[2] In its initial filings with the court, the defendants appeared to take the position that they compose a single entity. *See, e.g.*, Pet. for Removal (referring consistently to "Defendant"). In more recent filings, however, the defendants refer to themselves in the plural (*see* Defs.' Letter; Defs.' Br., ECF No. 13), although they maintain that "Iberostar Hotels & Resorts" is "a trademark, not a legal entity" (Defs.' Letter 2). For present purposes, I assume that there are in fact two distinct defendants in this case.

2

defendants assert that the plaintiff did not provide this information until December 3, 2018. *See id.*

On December 11, 2018, the defendants wrote to this court, seeking to move to dismiss the complaint for lack of personal jurisdiction (*see* Defs.' Letter, ECF No. 9), to which the plaintiff responded that the defendants had "waived" that defense (Pl.'s Resp. 1, ECF No. 10). At my request, the parties have now briefed the question whether the defendants have forfeited their right to raise a personal-jurisdiction defense.

## DISCUSSION

"It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading. But there are 'various [additional] reasons a defendant may be estopped from raising the issue.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011) (citation omitted) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982)). "When defendants engage in substantial pretrial activity over a lengthy period of time and [forgo] opportunities to litigate the question of personal jurisdiction, they forfeit any personal jurisdiction defense they may have had." *Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 327 n.5 (S.D.N.Y. 2017) (citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61–62 (2d Cir. 1999)).

"In determining whether such waiver or forfeiture of a defendant's personal jurisdiction objection has occurred, a court must 'consider all of the relevant circumstances.'" *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 588 (S.D.N.Y. 2012) (quoting *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002)). In particular, "the Second Circuit has held that it is appropriate to evaluate the defendant's delay in bringing the motion, the extent of pretrial activity that has taken place, and the opportunities that existed to assert the motion." *Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*, No. 00-cv-0201

(JSM), 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001); *see also Hamilton*, 197 F.3d at 61 ("[T]he time period provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone.").

In this case, although the defendants properly asserted the lack of personal jurisdiction as an affirmative defense in their first responsive pleading (*see* Fed. R. Civ. P. 12(b), (h); Answer 3), they then failed to raise the issue for nearly a year. In the meantime, the plaintiff was allowed to conduct all of her discovery (*see* Pl.'s Br. 2) without the defendants giving any indication, including during their two conferences with Judge Levy, that they intended to move to dismiss the complaint for lack of personal jurisdiction. And by the time the defendants raised the issue of personal jurisdiction, some eleven-and-a-half months after asserting it in their answer, it was too late for the plaintiff to refile her case in Mexico, as the statute of limitations had expired. *See Banco de Mex. v. Orient Fisheries, Inc.*, 680 F. Supp. 2d 1132, 1145 (C.D. Cal. 2010) ("[T]he statute of limitations for a cause of action in tort under Mexico law is 'two [2] years from the date the damage occurred.'" (quoting Código Civil Federal [CC], art. 1934)); Pet. for Removal Ex. A, at 5 (alleging that injury occurred on September 10, 2016); *see also Cruz v. United States*, 387 F. Supp. 2d 1057, 1079 (N.D. Cal. 2005) ("There is no concept of equitable tolling in Mexican law."). On this record, I conclude that the defendants have forfeited their right to raise a personal-jurisdiction defense. *See, e.g., In re Rationis Enters., Inc. of Pan.*, 210 F. Supp. 2d 421, 426–27 (S.D.N.Y. 2002).

This case is unlike the cases cited by the defendants in which courts ruled that the defendants had not forfeited their personal-jurisdiction defense (*see* Defs.' Br. 3–4). For example, in *Phat Fashions*, *supra*, "Defendant first communicated its intent to make such a motion" about three months after the complaint was filed "and reiterated this intention several

4

times over the next few months during conferences with the Court and to Plaintiff's counsel directly." 2001 WL 1041990, at *4. "Furthermore, Plaintiff [in that case] was given the opportunity to gather information about Defendant's contacts with New York through discovery." *Id.* And finally, "the Court itself instructed Defendant's counsel to delay making his motion." *Id.* at *4 n.3. Those salient facts all serve to distinguish *Phat Fashions* from the instant case, where neither this court nor the plaintiff was aware that the defendants planned to move to dismiss the complaint and where, accordingly, the plaintiff had conducted no jurisdictional discovery. *See* Pl.'s Br. 2.

*Securities Training Corp. v. Securities Seminar, Inc.*, 633 F. Supp. 938 (S.D.N.Y. 1986), is likewise inapposite. In that case, the court ruled that the defendants "acted seasonably in asserting their defense" because their "delay was due largely to the parties' involvement in settlement negotiations." *Id.* at 939. No comparable justification for delay exists here.[3]

The defendants argue that their apparent delay in seeking to move to dismiss the complaint was due to the need "to establish the factual predicate that will serve as the basis for [their] motion on jurisdiction"—namely, that "[t]he Defendants have no exclusive relationship with the travel agency plaintiff used to book her trip sufficient to support an agency claim against the Defendants here." Defs.' Br. 3–4. In other words, because the defendants did not obtain the name of the plaintiff's travel agency until December 3, 2018, they argue that their December 11 "request for a pre-motion conference was made timely." *Id.* at 3.

---

[3] The plaintiff also cites inapposite cases. *See* Pl.'s Br. 3 (citing three cases concerning insufficient service of process). The law is clear that courts are "slower to find waiver" where defendants are "challeng[ing] the application of New York's long-arm statute" than where they are merely raising "the defense of improper service." *Hamilton*, 197 F.3d at 60 (quoting *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990)). Most of the authorities cited by the plaintiff are thus of little use in this case.

5

This explanation falls short. Preliminarily, it is highly likely that the defendants' own records contain the identity of the entity or agent through which the plaintiff's hotel reservation was booked. More significantly, however, the defendants in their answer expressly denied conducting business and soliciting customers in New York State. *See* Answer ¶¶ 7–8. If those denials were truthful, then the defendants' "delay in pursuing the possibility of lack of personal jurisdiction cannot be excused." *Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 642 (N.D. Ill. 2017) (rejecting argument that defendants "were not [previously] aware of the facts giving rise to the defense" in light of "Defendants' denial of the jurisdictional allegations in their answer" and "Defendants' obligations under Rule 11"). Here, as in *Lowe*, "Defendants could have pursued any doubts about personal jurisdiction through an interrogatory at the beginning of discovery." *Id.* Instead, they waited several months, until after the plaintiff had been deposed, to request the name of the travel agency through which the plaintiff made her reservation with the defendants. *See* Defs.' Br. 2. Having chosen to delay serving their jurisdictional interrogatory on the plaintiff for some ten months after answering the complaint, until just after the Mexican statute of limitations had expired, the defendants have forfeited their right to mount a personal-jurisdiction defense.

## CONCLUSION

For the foregoing reasons, I hold that the defendants have forfeited the defense of lack of personal jurisdiction.

So ordered.

____/s/_____
Allyne R. Ross
United States District Judge

Dated: February 28, 2019
Brooklyn, New York