UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elayne Ford, *Plaintiff*, – against – Hotelera Playa Paraiso, S.S. de C.V., *et al.*, *Defendants*. | 1:17-CV-7384<br><br>**Not for Publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

On February 28, 2019, I ruled that the defendants in this action had forfeited their right to raise a personal-jurisdiction defense. *Ford v. Hotelera Playa Paraiso, S.S. de C.V.*, No. 1:17-CV-7384 (ARR), 2019 WL 981638 (E.D.N.Y. Feb. 28, 2019). I did so because "although the defendants properly asserted the lack of personal jurisdiction" in their answer, they had "failed to raise the issue for nearly a year" while, in the meantime, "the plaintiff was allowed to conduct all of her discovery" and "the statute of limitations had expired." *Id.* at *2. And at no point during that time had the defendants expressed an intention of moving to dismiss for lack of jurisdiction. *See id.*

On March 11, 2019, the defendants timely moved for reconsideration of that decision, pursuant to Local Rule 6.3. *See* Notice of Mot. 1, ECF No. 16. For the reasons set forth below, the motion for reconsideration is denied.

### DISCUSSION[1]

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"

---

[1] The factual background of this case is set forth in my previous opinion. *See Ford*, 2019 WL 981638.

*Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As such, "a request for reconsideration under Local Rule 6.3 . . . must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Id.*

The defendants' principal argument is that I was wrong to conclude that they sought to assert their personal-jurisdiction defense only after it was "too late for the plaintiff to refile her case in Mexico" (*Ford*, 2019 WL 981638, at *2). *See* Defs.' Br. 8, ECF No. 16-1. The defendants argue that "the Mexican statute of limitations was tolled" by operation of a provision of Mexican law that "provides that the filing of a lawsuit tolls the statute of limitations, except when 'the claim or the judicial proceeding or action is dismissed.'" *Id.* (quoting *Román y Gordillo, S.C. v. Bank of N.Y. Mellon Corp.*, No. 12-CV-0212 (DF), 2014 WL 1224361, at *15 (S.D.N.Y. Mar. 20, 2014)).

Crucially, however, the defendants' argument ignores that exception for dismissed cases. In the case that the defendants cite, in which a previous action had been rejected on the basis of improper venue, the court "*disagree[d]*" with the argument that the defendants are forwarding here—namely, that the statute of limitations would "definitely be subject to tolling under Mexican law." *Román*, 2014 WL 1224361, at *2, *12 (emphasis added). Though not resolving the issue definitively, the opinion cited by the defendants noted that "the plain language of the statute suggests that, upon dismissal of an action, the statute of limitations is deemed not to have been tolled *ab initio*." *Id.* at *15 n.7.

In a subsequent opinion in that case, moreover, the same court found that, under Mexican law, when "a claim is dismissed, the claim will be deemed not to have been filed in

2

the first instance," and thus "the applicable statute of limitations for the action is not interrupted." *Román y Gordillo, S.C. v. Bank of N.Y. Mellon Corp.*, No. 12-CV-0212 (DF), 2015 WL 5786460, at *13 (S.D.N.Y. Sept. 29, 2015) (citation omitted).

Applying those principles to this case, I can conclude only that, were this action to be dismissed for lack of personal jurisdiction, the Mexican statute of limitations would not be tolled, and the plaintiff would thus have no ability to refile her case in Mexico.[2] None of the authorities cited by the defendants suggests anything to the contrary.

The defendants' other argument is that they were "actively seeking discovery relevant to the personal jurisdiction defense" in that they asked the plaintiff multiple times at her deposition about her travel arrangements. Defs.' Br. 11–12. The defendants argue that "plaintiff's counsel had to have known the purpose to [that] line of questioning." *Id.* at 11. The plaintiff's deposition, however, occurred on September 12, 2018, two days *after* the Mexican statute of limitations expired (*see Ford*, 2019 WL 981638, at *2), so even if the deposition questions somehow served to put the plaintiff "on notice" of the impending motion to dismiss (Defs.' Br. 12), it is unclear what difference it could have made at that late date. Indeed, the defendants admit that "the discovery could have been demanded earlier." *Id.* at 11. Their argument thus does nothing to undermine my previous conclusion that the defendants, whether intentionally or merely through neglect, delayed raising the jurisdictional issue until after it was too late for the plaintiff to refile her case.

---

[2] The defendants' suggestion that they "are even willing to stipulate that . . . they [would] not assert the statute of limitations defense in Mexico" (Defs.' Reply 2, ECF No. 18) comes too late to affect my decision. The defendants' willingness to stipulate not to raise a statute-of-limitations defense, declared for the first time in their reply brief on the motion for reconsideration, is quite clearly not something that I "overlooked" in my original opinion (*Anwar*, 164 F. Supp. 3d at 561).

3

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is denied.

So ordered.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated:      April 11, 2019
            Brooklyn, New York